## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **WBY, INC. d/b/a/ FOLLIES,** | : | |
| **STEVE YOUNGELSON &** | : | |
| **JOSHUA SCHINDLER,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION NO.:** |
| | : | **1:14-cv-00253-LMM** |
| **v.** | : | |
| | : | |
| **DEKALB COUNTY, GEORGIA;** | : | |
| **JEFFERY RUTLAND, HUBERT** | : | |
| **BRANNON & STEPHEN RAPIER,** | : | |
| | : | |
| **Defendants**. | : | |

### CONSOLIDATED PRETRIAL ORDER

COME NOW Plaintiffs, WBY, Inc. d/b/a Follies et al. and Defendants DeKalb County, Georgia et al., pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 16.4, N.D.Ga., and submit their proposed Consolidated Pretrial Order as follows:

1.

**There are no motions or other matters pending for consideration by the Court except as noted.**

No motion are pending consideration, but the parties reserve the right to file motions in limine as necessary prior to trial.

2.

**All discovery has been completed, unless otherwise noted; and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

Discovery in this matter is closed and there are no outstanding motions except as noted by the parties under Paragraph 1.

<u>For the Plaintiffs</u>:  Former DeKalb County Police Chief Cedric Alexander no longer resides within the jurisdiction of this Court. It may be necessary to take his deposition for use at trial. Plaintiffs will coordinate with Defendant DeKalb County to ensure that the deposition is scheduled sufficiently in advance of trial to avoid delay.

3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

4.

**Unless otherwise noted, there is no question as to the jurisdiction of the Court.  Jurisdiction is based upon the following code sections:** 42 U.S.C. § 1331.

5.

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiffs:

William J. Atkins
Edmond, Lindsay & Hoffler, LLP
344 Woodward Avenue SE
Atlanta, Georgia 30312
Telephone: (404) 525-1080
batkins@edmondsfirm.com

Cary S. Wiggins
Wiggins Law Group
260 Peachtree St NW, Suite 401
Atlanta, Georgia 30303
Telephone: (404)-659-2880
cary@wigginsgroup.com

Defendants:

Bennett D. Bryan
Niki McDonald
DeKalb County Law Department
1300 Commerce Dr
Decatur, Georgia 30030
Telephone: (404) 371-3011
bdbryan@dekalbcountyga.gov

*On behalf of: DeKalb County, Stephen Rapier & Hubert Brannon*

Howard Indermark
Howard Indermark. P.C.
P.O. Box 223
Avondale Estates, Georgia 30002
Telephone: (404) 409-8492
indermarklaw@yahoo.com

*On behalf of: Jeffery Rutland*

6.

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b), NDGa.)  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

The parties agree that the Plaintiff should open arguments to the jury.

7.

The captioned case shall be tried to a jury.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

The parties do not request bifurcation.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve. *(The Court has indicated in its pretrial instructions that it will propound legal qualification questions to the jury panel).*

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which Defendant Rutland wishes to be propounded to the jurors on voir dire

examination. Attached hereto as Attachment "B-3" are the general questions which Defendants DeKalb County, Brannon and Rapier wish to be propounded to the jurors on voir dire.

The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters.  The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

**State any objections to Plaintiffs' voir dire questions.**

The parties request that they be permitted to submit objections, if any, to voir dire questions 10 days before the Pre-Trial Conference.

**State any objections to defendants' voir dire questions.**

The parties request that they be permitted to submit objections, if any, to voir dire questions 10 days before the Pre-Trial Conference.

**State any objections to the voir dire questions of the other parties, if any.**

Not applicable.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. §1870. See Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation. Describe briefly, including style of civil action number.

There is no known pending related litigation.

14.

Attached hereto as Attachment "C-1" is plaintiffs' outline of the case which includes a succinct factual summary of plaintiffs' cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a

citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachments "D-2" and "D-3" are the defendants' outlines of the case which includes a succinct factual summary of all general, special and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under separate heading.  For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties.  No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty

of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

The parties request that they be permitted to submit stipulated facts, if any, 10 days before the Pre-Trial Conference.

17.

**The legal issues to be tried are as follows:**

**<u>Plaintiffs</u>:**

(1)   Whether the scope and execution of the administrative search conducted by agents of DeKalb County was excessive and unreasonable, entitling WBY, Inc. d/b/a/ Follies to an award of general damages?

(2)   Whether Defendants Rapier and Brannon seized and detained Steve Youngelson without probable cause entitling Youngelson to an award of economic and compensatory damages?

(3)   Whether Defendants Brannon and Rutland arrested Joshua Schindler without probable cause entitling Schindler to an award of economic and compensatory damages?

(4)   Whether Youngelson is entitled to an award of punitive damages?

(5)   Whether Schindler is entitled to an award of punitive damages?

**<u>Defendant Rutland</u>:**

1)   Whether Plaintiff Joshua Schindler can prove by a preponderance of the evidence that Defendant Rutland intentionally engaged in acts that constituted an improper search and seizure of Plaintiff in violation of 42 U.S.C. § 1983 and the 4th Amendment to the U.S. Constitution?

2)      Whether Defendant Rutland is entitled to qualified immunity from suit because he did not violate any clearly established law?

3)      Whether Plaintiff Schindler is entitled to any damages or attorneys fees against Defendant Rutland?

**Defendants DeKalb County, Brannon, and Rapier:**

(1)     Whether an official policy or custom of Defendant DeKalb County caused a violation of WBY, Inc. d/b/a Follies' Fourth Amendment right not to be subject to unreasonable searches;

(2)     Whether Defendants Rapier and Brannon intentionally violated Steve Youngelson's Fourth Amendment right not to be seized and detained without probable cause;

(3)     Whether Defendant Brannon intentionally violated Joshua Schindler's Fourth Amendment right not to be arrested without probable cause;

(4)     Whether Defendants Brannon and Rapier are entitled to qualified immunity;

(5)     Whether Plaintiffs are entitled to compensatory damages or nominal damages against the Defendants and, if so, the amount;

(6)     Whether punitive damages should be assessed against Defendants Brannon or Rapier and, if so, the amount.

18.

Attached hereto as Attachment "F-1" for the plaintiff, and Attachment "F-2" and "F-3" for the defendants, is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702),

impeachment and rebuttal witnesses whose use can be reasonably anticipated must be anticipated. Each party shall also attach to his list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given 10 days prior to trial to allow the other party(s) to subpoena the witness or to obtain his testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment or rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" and "G-3" for the defendants are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court

stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all parties or permission of the Court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

The parties have attached their preliminary exhibit lists. The parties anticipate identifying a number of joint exhibits and resolving objections without requiring the Court's intervention. The parties respectfully request permission to submit revised exhibit lists and objections at least 10 days prior to the pre-trial conference.

20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

Except as noted in Paragraph 2, the parties do not anticipate testimony by deposition, except portions as are necessary for impeachment. Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the date the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

**Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.  Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

The parties do not anticipate filing trial briefs. In the event that either party determines that a trail brief would assist the Court at trial, the parties request permission to submit their trial briefs prior to jury selection.

22.

**In the event this is a case designated for trial to the Court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, N.D.Ga, will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one page) statement of that party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.**

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. Those charges will generally be given by the Court where applicable. For those issues not covered by the <u>Pattern Instructions</u> or <u>Devitt and Blackmar</u>, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the Court.

<u>Plaintiffs</u>: Plaintiffs have submitted a proposed verdict form attached as "I-1." Plaintiffs object to the submission of the special interrogatories set forth in the Defendants' proposed jury verdict form as they do not address specific fact questions germane to qualified immunity. Under the specific facts of this case, Plaintiffs do not believe that there are any discrete "fact" issues that would assist the Court in determining whether to grant qualified immunity to the individual defendants. Plaintiffs have included a proposed jury verdict form.

Defendants: Defendants request that special interrogatories be submitted to the jury in addition to a jury verdict form to address the specific issues of qualified immunity as recommended by Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002). Defendants have attached proposed special interrogatories and a proposed jury verdict form hereto as Attachment "I-2" modeled on the Eleventh Circuit Pattern Jury Instructions Appendix B – special interrogatories for qualified immunity in 42 U.S.C. § 1983 cases.

24.

**Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

Plaintiffs: Plaintiffs request that they be afforded one hour for final argument so that counsel will have sufficient time to address the unique aspects of the claims of each Plaintiff.

Defendants DeKalb County, Brannon, Rapier: Defendants request that they be afforded the same amount of time that the Court affords to Plaintiffs.

Defendant Rutland: While Defendant Rutland anticipates that his closing arguments will be shorter than the Plaintiffs' due to the limited claim against him,

Rutland nevertheless requests that he be afforded equal time as that granted to Plaintiff for closing arguments.

25.

**If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.**

26.

**Pursuant to Local Rule LR 16.3 N.D.Ga., lead counsel and persons possessing settlement authority last spoke on August 24, 2016, to discuss in good faith the possibility of settlement of this case via mediation. The Court (___) has or ( X ) has not discussed settlement of this case with counsel. It appears at this time that there is:**

        **(___)  A good possibility of settlement.**

        **(___)  Some possibility of settlement.**

        **( X )  Little possibility of settlement.**

        **(___)  No possibility of settlement.**

27.

**Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the Court.**

28.

**The plaintiffs estimate that it will require** <u>2 days</u> **to present their evidence.**
**Defendants DeKalb County, Brannon, and Rapier estimate that it will require**
<u>2 days</u> **to present their evidence.   Defendant Rutland estimates that it will**
**require** <u>1</u> **day to present his evidence.   The parties estimate that the total trial**
**time is** <u>5-6</u> **days.**

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for
the above-captioned case ( **X** ) submitted by stipulation of the parties, or (___)
approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments
thereto, constitutes the pretrial order in the above case and that it supersedes the
pleadings which are hereby amended to conform hereto and that this pretrial order
shall not be amended except by Order of the Court to prevent manifest injustice.
Any attempt to reserve a right to amend or add to any part of the pretrial order after
the pretrial order has been filed shall be invalid and of no effect and shall not be
binding upon any party or the court, unless specifically authorized in writing by
separate order of the court.

IT IS SO ORDERED this 27th day of November, 2017.

Honorable Leigh Martin May

United States District Court Judge

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

Counsel for Plaintiffs:

*s/William J. Atkins*
William J. Atkins
Georgia Bar No. 027060

*s/Howard Indermark*
Howard Indermark
Georgia Bar No. 005848

Counsel for Defendants:

*s/Bennett D. Bryan*
Bennett D. Bryan
Georgia Bar No. 157099